No. 121,110

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

KIMBERLY JEAN DAVIS,
*Appellee*,

and

VICTOR DAVID GARCIA-BEBEK,
*Appellant.*

SYLLABUS BY THE COURT

1.

The provisions of K.S.A. 2019 Supp. 23-3201 et seq. guide the district court's discretionary determination of a child's custody, residency, visitation, and parenting time.

2.

Given a district court's unique vantage point of what is often an emotionally charged situation, Kansas appellate courts generally do not overturn parenting time decisions unless the district court abused its discretion.

3.

K.S.A. 2019 Supp. 23-3208(a) states: "A parent is entitled to reasonable parenting time unless the court finds, after a hearing, that the exercise of parenting time would seriously endanger the child's physical, mental, moral or emotional health."

4.

K.S.A. 2019 Supp. 23-3203(a) sets out a nonexclusive list of factors a district court can use to determine issues of parenting time.

**5.**

When a district court's decision is challenged for insufficiency of evidence or as being contrary to the evidence, an appellate court does not reweigh the evidence or pass on the credibility of the witnesses.

**6.**

If the evidence, when considered in the light most favorable to the prevailing party, supports the verdict, the verdict will not be disturbed on appeal.

**7.**

Under the facts of this case, it was not an abuse of discretion for the district court to deny the father parenting time in Peru.

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed July 24, 2020. Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

No appearance by appellee.

Before SCHROEDER, P.J., HILL AND GARDNER, JJ.

SCHROEDER, J.:  Victor David Garcia-Bebek left Kansas to live in Peru with outstanding criminal charges pending with the United States District Court for the District of Kansas. He now appeals the district court's denial of his request to exercise parenting time in Peru with his two minor children. We observe no abuse of discretion for the district court to deny parenting time in Peru because Garcia-Bebek was free to come to Kansas to exercise his parenting time as provided in the parenting time schedule. We also find there was sufficient evidence to support the district court's decision Garcia-Bebek could not exercise his parenting time in Peru. We affirm.

2

Kimberly Jean Davis and Garcia-Bebek married in 2006 and divorced in 2014. About a year after the divorce, the district court ordered the parties to share joint legal custody of the parties' two minor children and detailed a shared residency plan. In the shared residency plan, the district court provided for Garcia-Bebek to have parenting time with the children on Christmas Eve and Christmas Day of even-numbered years. The shared residency plan also provided:

"[Garcia-Bebek] shall be allowed to take the minor children to visit his family in Peru at a minimum of every other year, limited to no longer than 30 days unless additional time is agreed, in writing by the parties. Said parenting time shall not interfere with the minor children's school schedule."

Davis and Garcia-Bebek's custody issues continued to simmer with various motions to change custody of the children. Initially, the district court denied the requests. In March 2018, Davis moved to modify the legal and residential custody of the children and requested sole legal custody. In support of her motion, Davis included an affidavit contending:

- In April 2017, Garcia-Bebek "pled guilty to three (3) counts of voting without being qualified."

- In December 2017, the federal government filed an indictment against Garcia-Bebek, alleging he "'knowingly and intentionally procured, contrary to law, naturalized United States citizenship'" because he failed to disclose felony crimes committed while in the United States on his naturalization application. Davis claimed Garcia-Bebek had not informed her of this indictment and she read about it in the newspaper.

- Garcia-Bebek had plans to move to Peru for a new job. Davis claimed it would be in the best interests of the children to have all parenting time take place within the United States, despite the parenting plan ordering the children to spend the Christmas holiday in Peru with Garcia-Bebek because "[t]he children do not speak Spanish, and if [Garcia-Bebek] moves away, they will inevitably lose their relationship with him, making the 30 day trip extremely uncomfortable."

- Davis was "uncomfortable with the children having any parenting time in Peru while there is still an active federal case against [Garcia-Bebek]."

In response, Garcia-Bebek filed a proposed parenting plan and moved to enforce and establish reasonable parenting time. In his motion, Garcia-Bebek affirmed he pled guilty to three counts of voting without being qualified and was moving to Peru.

The district court held a hearing on the motions and took the matter under advisement. Before the district court issued its decision, the parties agreed that Davis would have primary residential custody of the children but could not reach a decision on parenting time. As a result, the district court made the following finding about Garcia-Bebek's request to enforce the court order allowing him to exercise his 30 days of parenting time in Peru:

> "[Garcia-Bebek's] request to exercise his parenting time in accordance with the [permanent parenting plan ordered in September 2015] in Peru is granted. The children may travel to see him as unaccompanied minors if allowed by the airline, or with escort by father's or mother's family. Based on a review of the Court file and because [Garcia-Bebek] will face such a high risk of never seeing his minor children again until they turn eighteen (18) if he fails to immediately return the children at the end of his parenting time, the Court is not concerned about international parental abduction. The travel will be at [Garcia-Bebek's] expense, including airfare for [Davis] if she elects to accompany the children."

4

After the district court granted Garcia-Bebek's request, Davis moved for reconsideration, arguing the decision was not in the best interests of the children and the district court's reasoning regarding international parental abduction was flawed. Davis claimed Garcia-Bebek "has proven that he is not above lying to the government" and it was because of his "intentional deceitful actions" that he could not travel to the United States to "pick up his own children for parenting time." For this reason, and because Garcia-Bebek "has not proven that he can follow any rules or laws of this country," Davis claimed Garcia-Bebek was more likely not to return the children to the United States.

After a hearing and several more motions asking for clarification of the district court's prior orders, the district court found Davis had "the authority to send or not to send the children for parenting time with [Garcia-Bebek] in Peru over the Christmas Break."

In its order, the district court considered the allegations by both parties but ultimately denied Garcia-Bebek parenting time in Peru because "[Garcia-Bebek] is wanted on outstanding criminal charges filed by the United States in the Federal District of Kansas." The district court found that "requiring an objecting parent to send children outside of the United States for parenting time with a parent under indictment in a United States criminal case is not in the best interests of the minor children."

After this decision, Garcia-Bebek moved for an order altering or amending the judgment. In his motion, Garcia-Bebek argued the district court erred when it allowed Davis "exclusive control over whether [Garcia-Bebek] had parenting time" and effectively "denied [him] parenting time altogether," because it failed to find under K.S.A. 2019 Supp. 23-3208(a) that the exercise of parenting time would seriously endanger the children's physical, mental, moral, or emotional health. As to Davis' claims about Garcia-Bebek's federal indictment, Garcia-Bebek alleged his counsel had spoken to

5

the federal prosecutor, who informed counsel that the indictment "would likely be dismissed" after being on file for one year, but this was not guaranteed.

After a hearing on the motion to alter judgment, the district court found: "The existence of the federal indictment and warrant outweigh[s] all other statutory factors that would favor parenting time in Peru. Except as otherwise agreed by the parties, it is not in the best interests of the minor children to have parenting time with [Garcia-Bebek] outside the United States."

ANALYSIS

*Parenting time outside of the United States can be denied.*

Initially, Garcia-Bebek claims the district court abused its discretion because it violated the requirements of K.S.A. 2019 Supp. 23-3208(a) when it failed to make the required findings for denying Garcia-Bebek parenting time in Peru.

Various provisions of K.S.A. 2019 Supp. 23-3201 et seq. guide a district court's discretionary determination of a child's custody, residency, visitation, and parenting time. All of those decisions are guided by the determination of what factors are in the children's best interests and welfare. Given the district court's unique vantage point of what is often an emotionally charged situation, Kansas appellate courts generally do not overturn these decisions unless the district court abused its discretion. See *Cheney v. Poore*, 301 Kan. 120, 128, 339 P.3d 1220 (2014); *In re Marriage of Kimbrell*, 34 Kan. App. 2d 413, 419, 119 P.3d 684 (2005). A judicial action constitutes an abuse of discretion if it is "'(1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact.'" *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018). The party asserting the district court abused its discretion bears the burden of showing such abuse. *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017).

As noted, Garcia-Bebek relies on the language of K.S.A. 2019 Supp. 23-3208(a), which states: "A parent is entitled to reasonable parenting time unless the court finds, after a hearing, that the exercise of parenting time would seriously endanger the child's physical, mental, moral or emotional health." Another panel of this court interpreted the predecessor of this statute and found:

"The clear intent of K.S.A. 2004 Supp. 60-1616(a) is to create a rebuttable presumption that a parent is entitled to reasonable parenting time and visitation. This presumption may be rebutted if, after a hearing, the trial court finds 'that the exercise of parenting time would seriously endanger the child's physical, mental, moral or emotional health. Without such a finding, however, K.S.A. 2004 Supp. 60-1616(a) indicates that a trial court must enter an order for reasonable parenting time. [Citation omitted]." *Kimbrell*, 34 Kan. App. 2d at 422.

The crux of Garcia-Bebek's argument rests on the contention that the district court's denial of his right to exercise his parenting time in Peru was an abuse of discretion. At the hearing on Garcia-Bebek's motion to alter judgment, the district court stated it did not "have any problem ordering that [Garcia-Bebek] can have parenting time here in Wichita." The district court added it would be "more than happy" to give Garcia-Bebek parental time in Wichita, but it believed that "as long as he's got the outstanding federal case and warrant, he's not going to come [Wichita]."

Based on this rationale, the district court was not denying Garcia-Bebek parenting time, as he was free to exercise it in Wichita. And since Garcia-Bebek claims the warrant was not going to be issued, he had nothing stopping him from flying to Wichita to exercise his parenting time in the United States. The district court only denied his right to have the children flown to Peru to exercise his parenting time when there was a concern he might not return the children to Davis in Kansas. The district court did not need to make a finding that Garcia-Bebek's exercise of his parenting time would seriously

7

endanger the children's physical, mental, moral, or emotional health under K.S.A. 2019 Supp. 23-3208(a) since parenting time was available to him in Wichita.

Additionally, K.S.A. 2019 Supp. 23-3203(a) sets out a nonexclusive list of factors a court can use to determine issues of parenting time. Specifically, the list provides "the location of the parties' residences and places of employment" can be considered. K.S.A. 2019 Supp. 23-3203(a)(13). Garcia-Bebek has not carried his burden to show the district court abused its discretion when it considered Garcia-Bebek's residence was in Peru and he had an outstanding warrant for his arrest out of the federal District of Kansas.

*Sufficient evidence supports the district court's parenting time determination.*

Garcia-Bebek next argues the district court abused its discretion because it failed to provide factual support when it determined exercising parenting time in Peru was not in the best interests of the children due to his pending federal criminal charges. Although Garcia-Bebek refers to the abuse of discretion standard based on inadequate factual findings, he is really arguing insufficient evidence supports the district court's decision denying his parenting time in Peru. It is undisputed there is an outstanding indictment in a criminal case for his arrest that could be issued at any time should he return to the United States. What more evidence does he want?

At first, Garcia-Bebek seems to argue the district court erred by making factual findings unsupported by substantial competent evidence. But, as his argument progresses in his brief, Garcia-Bebek quotes and concedes the district court did find "[t]he existence of the federal indictment and warrant outweigh[s] all other statutory factors that would favor parenting time in Peru" but then argues: "In short, there is no evidence . . . to support the finding of the district court."

When a district court's decision is challenged for insufficiency of evidence or as being contrary to the evidence, an appellate court does not reweigh the evidence or pass on the credibility of the witnesses. "If the evidence, . . . when considered in the light most favorable to the prevailing party, supports the verdict, it will not be disturbed on appeal." *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 407, 266 P.3d 516 (2011).

Garcia-Bebek does not explain why he believes the evidence was insufficient other than simply stating, "[T]here is no evidence." The district court's decision was simple: The existence of the federal indictment outweighed all other factors favoring parenting time in Peru, and it was not in the best interests of the children to travel to Peru. Sufficient evidence supports the district court's denial of Garcia-Bebek's request to exercise parenting time in Peru, and it did not abuse its discretion.

Affirmed.